IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUAN GARCIA | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv243 |
| STILES UNIT, ET. AL. | § | |

## MEMORANDUM OPINION AND ORDER

Juan Garcia, an inmate confined in the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

## Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue is controlled by 28 U.S.C. § 1391.

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred at the Stiles Unit, which is located in Jefferson County, Texas. Pursuant to 28 U.S.C. § 124, Jefferson County is located in the Eastern District of Texas. As a result, venue regarding plaintiff's claims is proper in this court.

However, while Jefferson County is in the Eastern District of Texas, it is in the Beaumont Division, rather than the Lufkin Division. None of the events complained of in this lawsuit occurred within the Lufkin Division. Nor do any of the defendants reside in the Lufkin Division.

When a case is filed in the wrong division, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, plaintiff's claims will be transferred to the Beaumont Division of this court.

<u>ORDER</u>

For the reasons set forth above, it is **ORDERED** that this matter is transferred to the Beaumont Division of this court.

SIGNED this 22nd day of December, 2020.

_____
Zack Hawthorn
United States Magistrate Judge